IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL LEE STROPE,

      Plaintiff,

  vs.

              CIVIL ACTION
              No. 08-3300-SAC

ELIZABETH RICE, et al.,

      Defendants.

**ORDER**

This matter comes before the court on the motion of the Department of Corrections for an extension of time (Doc. 19) and on plaintiff's motion to clarify time limits on remaining claims (Doc. 20).

The court finds good cause is shown for the request for an extension of time and will grant that request.

By an order of August 14, 2009, the court advised the plaintiff that his complaint included unrelated claims against different parties and directed him to identify the group of claims he wished to pursue in this matter. Plaintiff was advised the remaining claims would be dismissed without prejudice and could be presented in a new action. Plaintiff filed a timely response, electing to pursue claims against defendants

Galloway and Hayden.

By its order of July 13, 2010, the court dismissed the remaining claims without prejudice. Plaintiff now states he wishes to proceed with the claims and to include new allegations against certain parties dismissed from this action.

Because it is unclear exactly which claims plaintiff expects to pursue in a new action and the jurisdictional bases for such claims, and because the court should not render what is potentially an advisory opinion concerning its jurisdiction over future claims, the court must decline a request for a specific date.

Rather, the plaintiff should consider that claims brought under § 1983 "accrue, for the purpose of the statute of limitations, when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Hunt v. Bennett,* 17 F.3d 1263, 1266 (10th Cir. 1994). In Kansas, an action for injury to the rights of another is governed by a two-year limitation period. K.S.A. § 60-513(a)(4). A statute of limitations may be subject to certain defenses such as waiver, estoppel, or equitable tolling. *See Rotella v. Wood,* 528 U.S. 549, 560 (2000) (federal statutes of limitations "are generally subject to equitable principles of tolling"). Such tolling, however, applies only in "rare and exceptional circumstances."

*Laurson v. Leyba,* 507 F.3d 1230, 1232 (10th Cir. 2007)(quotations omitted).

IT IS, THEREFORE, BY THE COURT ORDERED the motion of the Department of Corrections for an extension of time to and including October 13, 2010 (Doc. 19) to file the *Martinez* report in this action is granted.

IT IS FURTHER ORDERED plaintiff's motion to clarify time limits on remaining claims (Doc. 20) is denied.

Copies of this order shall be transmitted to the parties.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 4th day of October, 2010.

        S/ Sam A. Crow
        SAM A. CROW
        United States Senior District Judge