IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL LEE STROPE,
also known as
GORDON STROPE,

                         Plaintiff,

          v.                                    CASE NO. 08-3300-SAC

JAMES B. HAYDON and
S. GALLOWAY,

                         Defendants.

MEMORANDUM AND ORDER

     This matter, a civil rights complaint filed by a prisoner in
state custody, comes before the court on the motion of defendants
Haydon and Galloway for summary judgment. The court has reviewed the
entire record and the applicable law and enters the following
findings and order.

**Motion for recusal**

     Plaintiff seeks recusal of the undersigned on grounds that he
has denied prisoners access to the courts and justice (Doc. 43). He
also alleges a conspiracy with the defendants to allow *ex parte*
communications and filings and that defendants have been allowed to
falsify evidence presented to the court.

     "The Due Process Clause entitles a person to an impartial and
disinterested tribunal in both civil and criminal cases." *United
States v. Nickl,* 427 F.3d 1286, 1298 (10th Cir.2005) (quoting
*Marshall v. Jerrico, Inc.,* 446 U.S. 238, 242 (1980))(internal

quotation marks omitted). "To demonstrate a violation of due process because of judicial bias, a claimant must show either actual bias or an appearance of bias." *Bixler v. Foster,* 596 F.3d 751, 762 (10th Cir.2010)(quoting *Nickl,* 427 F.3d at 1298)(internal quotation marks omitted). And, while 28 U.S.C. § 455(a) requires a judge to recuse himself "in any proceeding in which his impartiality might reasonably be questioned", "[t]he statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir.1993).

Defendants oppose the motion, and they note that in an earlier ruling in this action, the court summarized the requirements for a motion to recuse under 28 U.S.C. §§ 144 and 145. The requirements include an affidavit with a detailed factual statement alleging bias or prejudice against the judicial officer whose recusal is sought.

The court agrees both that plaintiff has been on notice of these requirements for some time and that he fails in the present motion to assert more than generalized statements that fall short of the statutory requirements, as plaintiff has failed to present specific allegations that warrant recusal under § 144. Plaintiff has not provided an affidavit in support, and his claims are vague and conclusory. The motion for recusal will be denied.

Finally, the court notes that the certificate of service on the motion states it was "[s]ent to the heathen attorney of record". In *Strope v. McKune*, 2009 WL 3052431, *10 (D. Kan. September 22, 2009), this court advised the plaintiff that "a party proceeding pro se

2

must conduct his litigation with the same respect and courtesy this court requires of attorneys" (citing *Lopez v. U.S.*, 133 F.Supp.2d 1231 (D.N.M. 2000)). Plaintiff is on notice that he is obliged to maintain an attitude of courtesy toward opposing counsel, and if he persists in the conduct illustrated by the certificate of service, the court will impose sanctions.

**Motion to file a supplemental complaint**

Also before the court is plaintiff's motion for leave to file supplemental complaint (Doc. 44). Plaintiff submitted this motion on May 10, 2011, and it appears he seeks to add as defendants counsel for the defendants and the undersigned, alleging a conspiracy and broadly alleging malice and retaliatory conduct. Defendants oppose the motion.

Rule 15(d) of the Federal Rules of Civil Procedure provides, in part, "[u]pon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." A motion to supplement is addressed to the sound discretion of the court. *Gillihan v. Shillinger*, 872 F.2d 935, 941 (10th Cir.1989).

The court has considered the proposed supplemental complaint and concludes the motion must be denied. First, to the extent plaintiff seeks recusal of the undersigned, the motion is a duplicate of the motion to recuse filed by the plaintiff and addressed elsewhere in this order.

Next, because plaintiff attempts to name the undersigned as a defendant to a civil action, the matter should be reviewed by another judicial officer. Accordingly, the court will deny the motion to supplement. This denial operates without prejudice, and plaintiff may file the proposed supplement as a separate complaint. If he elects to do so, such complaint would be assigned to another judicial officer. As the supplemental complaint was filed in May 2011, plaintiff has ample time to proceed in such an action within the limitation period.

**Background**

This matter is a civil rights action filed by a prisoner in state custody. The claims have been limited by the court to plaintiff's assertions against defendants Haydon and Galloway and set out in Counts 6, 8, 9, 10, 11 and 12, asserting the following claims:

> Count 6: Defendant Haydon violated the First and Fourteenth Amendments by retaliation for plaintiff's efforts to petition the government, threats of abuse, and by falsifying disciplinary reports in order to deter free speech.
>
> Count 8: Defendant Galloway violated the First and Fourteenth Amendments by denying due process of law, allowing disparity in treatment, retaliating for plaintiff's exercise of free speech, and racketeering.
>
> Count 9: Defendant Galloway violated the First Amendment by falsifying a disciplinary report in retaliation for plaintiff's statement that he would sue him.
>
> Count 10: Defendants Haydon and Galloway violated the First and Fourteenth Amendments by conspiring to retaliate against plaintiff for his exercise of free speech, by denying him an opportunity to prepare for the hearing, by imposing unlawful sanctions, and by preparing a false disciplinary report.

> Count 11: Defendant Haydon violated the First and Fourteenth Amendments by attempting to conduct a retaliatory cell transfer and by preparing a falsified disciplinary report.
>
> Count 12: Defendant Galloway violated the First Amendment by unlawfully confining plaintiff in segregation, falsifying a disciplinary report, denying him unspecified rights at a disciplinary hearing, and by denying him access to religious callouts.

*Factual background*

At all relevant times, plaintiff was incarcerated at the El Dorado Corrections Facility (EDCF).  Both defendants were employed in the position of Corrections Specialist I at the EDCF.  The relevant events involve two disciplinary cases.

*Disciplinary Case No. 08-10-059*

On October 10, 2008, defendant Haydon was in the East A Unit in the EDCF.  At around 7:40 a.m., he heard plaintiff shouting at a control officer about being released to go to the unit dayroom.  Haydon went to the area to assist the control officer and to explain the dayroom rules.  Plaintiff became louder and argumentative with Haydon, and Haydon told him that if his behavior continued, he would receive a disciplinary report.  Plaintiff continued to argue, continued to press the button in his cell to contact facility staff, and threatened to call the governor to have Haydon and the control officer fired.  (Doc. 34, Ex. A., ¶ 2).

As a result of plaintiff's conduct, Haydon issued a disciplinary report charging him with violating K.A.R. 44-12-306, *Threatening and intimidating a person*, and K.A.R. 44-12-305, *Insubordination or disrespect to officers*.  (Ex. A, ¶ 3).

Plaintiff was served with a copy of the report on October 10, 2008, and the hearing was held on October 16, 2008.  The hearing officer was defendant Galloway.  (Ex. A, ¶ 5, Ex. B, ¶ 6.)

At the hearing, plaintiff signed forms (1) acknowledging his receipt of the disciplinary report and notice of the charge within 48 hours of the issuance of the report and the possible penalty and (2) waiving the time limit on the summons[1].  (Ex. B, ¶ 6, Ex. D, Acknowledgments form.)  Plaintiff did not request assistance at the hearing, and defendant Galloway determined plaintiff did not require assistance.  (Ex. B, ¶ 7; Ex. E, Staff Assistance form.)

---

[1]

Plaintiff asserts that Ex. C to the *Martinez* report and Ex. D of the summary judgment motion are falsified documents submitted to the court by the defendants, and he filed a motion to authenticate the documents (Doc. 37). These exhibits are copies of the same document, namely, an acknowledgment form showing that plaintiff stated that he did not receive 24-hour notice prior to the hearing but waiving the limits on that summons. The plaintiff contends the areas for inmate signature and inmate initials on the form do not contain his signature and initials. In response to that request, the defendants submitted an affidavit by defendant Galloway that states he watched plaintiff initial and sign the form (Doc. 49, Ex. 1), an affidavit by Dennis McPhail, a document examiner at the Kansas Bureau of Investigation, who states he examined the document and other documents known to bear plaintiff's signature and considers it highly probable that the document in question contains plaintiff's initials and signature, a copy of the document and McPhail's report (Ex. 2), an affidavit by James S. Evans, Technical Support Consultant III in the Information Technology Division of the Kansas Department of Corrections explaining the Department's retention policy for original documents (Ex. 3), and a copy of an internal memorandum explaining the scanning and disposal procedures (Ex. 3, Attach. A.) and Internal Management Policy and Procedure 05-103 concerning the processing of offender records (Attach. B.) The court finds that this response is thorough and is sufficient to authenticate the document. Plaintiff's motion will be denied as moot.

Plaintiff submitted a motion to dismiss, which Galloway denied, and he then presented both written and oral testimony and questioned the reporting officer, defendant Haydon.  (Ex. B, ¶ 8, Ex. F.)

Defendant Haydon testified that he issued the disciplinary report after plaintiff became argumentative first with the control officer and then with him.  He testified that plaintiff continued to ring the intercom and threatened to call the governor.  (Ex. B, ¶ 9, Ex. F.)

After considering the evidence, defendant Galloway found plaintiff guilty of violating both K.A.R. 44-12-306, *Threatening or intimidating any person*, and K.A.R. 44-12-305, *Insubordination or disrespect to officers*.   He imposed 14 days of disciplinary segregation and a $10.00 fine for violating K.A.R. 44-12-306 and 7 days in disciplinary segregation and a $10.00 fine for violating K.A.R. 44-12-305.  (Ex. B. ¶ 11, Ex. G.)  Galloway also advised plaintiff of his right to appeal the decision.  (Ex. B, ¶ 12, Ex. E.)

As plaintiff left the disciplinary hearing office, he called defendant Galloway a "piece of shit".  Galloway called him back to address that behavior, and plaintiff became argumentative.  Galloway advised plaintiff that K.S.A. 44-12-306 requires a prisoner to be respectful to staff.  Plaintiff, in turn, accused Galloway of violating his First Amendment rights and told him that he would "see [his] ass in federal court."  (Ex. B, ¶ 13.)

On November 2, 2008, Deputy Warden Susan Gibreal dismissed disciplinary action 08-10-059; as a result, the sanctions identified

at the hearing were not imposed.  (Ex. G.)

*Disciplinary case 08-10-103.*

Defendant Galloway issued a disciplinary report based on the plaintiff's misconduct after the hearing in 08-10-059, charging him with *Insubordination or Disrespect* in violation of 44-12-305.  (Ex. B, ¶ 14, Ex. H.)

The hearing was conducted on October 21, 2008, before Hearing Officer M. Bos.  At the hearing, plaintiff submitted a motion to dismiss, which was denied, and then gave an oral statement and questioned defendant Galloway.  Defendant Galloway testified that he heard plaintiff call him a "piece of shit" as he left the hearing room and that this occurred prior to plaintiff's statement that he would see him in federal court.  (Ex. I.)

The hearing officer found plaintiff guilty of the charge and imposed disciplinary segregation and a fine.  (Ex. J.)  Deputy Warden Gibreal approved the decision, and the Secretary of Corrections upheld the decision on appeal.  (Exs. J and K.)

Plaintiff was housed in disciplinary segregation between October 28, 2008 and November 7, 2008. (Doc. 24, *Martinez* report, Ex. Q.)

## Discussion

*Standard for summary judgment*

Summary judgment is proper when the pleadings, depositions, and other materials before the court show that no genuine issue of material fact exists and that the moving parties are entitled to a

judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *accord Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247 (1986).

A factual question is "material" if it "might affect the outcome of the suit under the governing law." *Anderson,* 477 U.S. at 248. "Under the summary judgment standard, a mere factual dispute will not preclude summary judgment; instead there must be a genuine issue of material fact." *Cooperman v. David*, 214 F.3d 1162, 1164 (10th Cir. 2000).

The moving party has the initial burden of showing there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). When that burden is met, the party opposing summary judgment may not rely upon bare claims or denials but must advance specific facts showing both the existence of a genuine issue of material fact and significant probative evidence. *Anderson v. Liberty Lobby*, 477 U.S. at 256.

In considering a motion for summary judgment, the court considers the evidence and draws all reasonable inferences in the light most favorable to the nonmoving party. *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1225 (10th Cir. 2000).

Summary judgment is not a "disfavored procedural shortcut." *Celotex Corp. V. Catrett*, 477 U.S. 317, 327 (1986). Rather, it is a procedural means to "secure the just, speedy and inexpensive determination of every action." *Id*. A core purpose of the summary judgment rule is to allow the efficient resolution of factually unsupported claims or legal issues. *Id*.

**Due Process**

Plaintiff alleges that defendant Galloway denied his right to due process in the administrative disciplinary hearing.

Generally, a prison disciplinary hearing complies with due process where the prisoner receives: 1) written notice of the violation at least 24 hours before the hearing; 2) the opportunity to call witnesses and present documentary evidence, where this is consistent with institutional safety, to an impartial decision-maker; and 3) a written statement by the fact-finder of the decision, the supporting evidence, and the reasons for the disciplinary action. *Wolff v. McDonnell,* 418 U.S. 539, 563-66, 571 (1974). Due process also requires that the decision be supported by "some evidence" in the record. *Superintendent, Mass. Corr. Inst., Walpole v. Hill,* 472 U.S. 445, 455 (1985).

The materials attached to the complaint (Doc. 1) and the *Martinez* report (Doc. 24) reflect that the disciplinary report was executed on October 10, 2008, and served on the evening of the same day (Doc. 1, Ex. 20). On October 12, 2008, plaintiff prepared a motion to dismiss (Ex. 21), and on October 17, 2008, he completed an Inmate Request for Witness (Ex. 22)[2].

The hearing was conducted on October 16, 2008, and plaintiff submitted the motion to dismiss. The hearing officer prepared a form "Acknowledgements/Inmate Waiver of Rights" (Doc. 24, Ex. C) which

---

[2]

Because the hearing was conducted on October 16, 2008, the date on the form appears to be incorrect.

plaintiff initialed. The hearing officer determined that the assistance of staff was not necessary (Ex. D). Plaintiff testified at the hearing and questioned the reporting officer. He also gave a closing statement.

The hearing officer found plaintiff guilty and provided a statement of the evidence supporting the decision (Ex. E).

The court concludes plaintiff received adequate due process protections in the hearing. In any event, because the disciplinary action was overturned on appeal, no sanctions were imposed, and the court finds no infringement of plaintiff's rights occurred.

**Retaliation**

The majority of plaintiff's claims against defendants Haydon and Galloway assert retaliatory action in response to plaintiff's threats to contact the Governor of Kansas or to commence a federal lawsuit.

"Prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his constitutional rights.... However, an inmate claiming retaliation must allege *specific facts* showing retaliation because of the exercise of the prisoner's constitutional rights." *Fogle v. Pierson,* 435 F.3d 1252, 1263-64 (10th Cir.2006)(quotations and citations omitted). Likewise, a prisoner is not free from the normal conditions of confinement merely because the prisoner has engaged in protected activity. *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998).

Retaliatory conduct against a party for the exercise of First

Amendment rights is shown by proving: (1) the plaintiff was engaged in constitutionally protected conduct; (2) the defendant's acts caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing that conduct; and (3) the defendant's action was substantially motivated by the plaintiff's protected conduct. *Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007). The causal connection requires a showing that "a retaliatory motive was the but-for cause of the challenged adverse action." *Strope v. McKune*, 382 F.App'x 705, 710 n. 4 (10th Cir. 2010)(citing *Peterson v. Shanks*, 149 F.3d at 1144).

*Defendant Haydon*

Plaintiff's claims against defendant Haydon allege retaliation for petitioning the government and assert that Haydon falsified a disciplinary report. The record shows that Haydon prepared a disciplinary report against plaintiff after he became disruptive and refused to comply with Haydon's instructions to him. He also claims that Haydon attempted to transfer him to a different housing area after plaintiff threatened to contact the governor.

After considering the record, the court concludes defendant Haydon is entitled to summary judgment. First, the record discloses a factual basis for the disciplinary report, namely, plaintiff's disruptive behavior. Next, plaintiff received due process at the disciplinary hearing, and the disciplinary action, in fact, was overturned upon appeal. Third, the court's review of the record shows that while Haydon said that plaintiff would be transferred to another housing area, that transfer did not occur. In short,

plaintiff ultimately suffered no adverse effect as a result of his statement that he would contact the governor regarding Haydon's actions.

Certainly, the incident did not chill plaintiff's willingness to assert his intention to seek relief from the federal courts or the governor, as the materials he subsequently filed with the KDOC include similar language. *See, e.g.*, Doc. 1, Ex. 19 ("I am also sending a copy to the Governors' Office to assure some corrective actions")(dated 10/10/08); Ex. 25 ("a copy of this appeal/response if any will be used for/attached to my federal civil rights complaint filed under 42 U.S.C. 1983 immediately")(dated 10/16/08); Ex. 27 ("both of these staff will be sued immediately if not properly redressed")(dated 10/18/08); and Ex. 29 ("and you will be sued immediately")(11/7/08).

Finally, the court finds merit in defendant's assertion of qualified immunity. Where a defendant asserts qualified immunity in a motion for summary judgment, the burden shifts to the plaintiff to show that: (1) the defendant violated a constitutional right and (2) the constitutional right was clearly established at the time of the defendant's conduct. *Martinez v. Beggs,* 563 F.3d 1082, 1088 (10th Cir. 2009)(citing *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)).

To reach the question of whether a defendant official is entitled to qualified immunity, a court must first ascertain whether the plaintiff has adequately alleged a constitutional violation. *Martinez,* 563 F.3d at 1091; *Romero v. Fay,* 45 F.3d 1472, 1475 (10th Cir.1995).

Here, the court has found no clear case law that guides a decision concerning whether the plaintiff's statement that he planned to contact the governor is protected speech.

Some courts have viewed such comments as threats or disrespectful language that is not constitutionally protected. For example, in *Owens v. Leavins*, 2007 WL 1141505 (N.D. Fla. 2007), the prisoner-plaintiff was disciplined for a spoken threat after he asked a food service employee for her full name, the name of her supervisor, and the address of her company. When asked why he needed that information, the prisoner responded that if he should fall or be injured due to faulty equipment, he would sue and would need contact information. The court found that the prison disciplinary team reasonably considered that prisoner's conduct to be a threat, and it concluded that the statement was not constitutionally protected speech.

Likewise, in *Freeman v. Texas Dept. of Criminal Justice*, 369 F.3d 854 (5th Cir. 2004), the Fifth Circuit Court of Appeals upheld the dismissal of an inmate's claim that he was transferred in retaliation for protected activity. The prisoner, Freeman, had circulated a statement asserting that a prison chaplain had "departed from the faith". In the statement, Freeman also announced that he and others were withdrawing their "spiritual fellowship" from the chaplain. *Freeman*, 369 F.3d at 858. Freeman was granted permission to read the statement during a prison service; however, at some point after he began reading, the chaplain ordered him to stop. Plaintiff was cooperative, but he was escorted from the

service and was followed by approximately 50 other prisoners. Shortly after these events, Freeman was transferred to a high-security housing unit. He later filed a claim of retaliation pursuant to §1983. The district court held that the defendant prison officials were entitled to qualified immunity.

On appeal, the Fifth Circuit held that the transfer did not violate Freeman's constitutional right to free speech. The court recognized that prisoners do not forfeit all constitutional rights upon incarceration, but it noted "the inherent demands of institutional correction, the deference owed to prison administrators, and the subjugation of individual liberty that lawful incarceration necessarily entails." *Freeman*, 369 F.3d at 863 (citing *Jones v. N.C. Prisoners' Labor Union*, 433 U.S. 119,132 (1977).

And, while the court recognized a prisoner "does retain, in a general sense, a right to criticize prison officials", *id* at. 864 (citations omitted), it held that the prisoner plaintiff may not rest upon the existence of such a right, but "must also establish that he exercised that right in a *manner* consistent with his status as a prisoner." *Id.*, (emphasis in original).

Other courts have reached different conclusions. *See Crisst v. Phelps*, ___ F.Supp. 2d, 2011 WL 4336631 (D. Del. 2011)(assuming but not deciding that a prisoner's letters to a prison official constitute protected speech); *Lindell v. O'Donnell*, 2005 WL 2740999 (W.D. Wis. 2005)(finding that a prisoner's threats to file a lawsuit were protected speech but noting that neither the United States

Supreme Court nor the Seventh Circuit had ruled on this issue); and *Rogers v. Garcia*, 2010 WL 3547432 (D.Colo. 2010)(collecting cases involving oral complaints).

However, even if the plaintiff's statements in this matter are viewed as protected speech, the Tenth Circuit requires the contours of the right to have been sufficiently established that a reasonable government official would understand that his actions violated that right. *See Watson v. University of Utah Med. Ctr.*, 75 F.3d 569, 577 (10th Cir.1996). "[F]or a right to be 'particularized,' there must ordinarily be a Supreme Court or Tenth Circuit decision on point, or 'clearly established weight of authority' from other courts." *Wilson v. Meeks*, 52 F.3d 1547, 1552 (10th Cir. 1995).

The court has found no such decision or weight of authority in the Tenth Circuit. Accordingly, because the court cannot find from the record that defendant Haydon violated a clearly established right, the court concludes that defendant is entitled to qualified immunity.

*Defendant Galloway*

Plaintiff's claims of retaliation against defendant Galloway are similar to those against defendant Haydon, namely, that due to plaintiff's protected speech, defendant Galloway prepared a falsified disciplinary report.

After careful consideration of the record, the court concludes defendant Galloway also is entitled to summary judgment. First, the plaintiff's conduct against defendant Galloway was disrespectful and provided a sound factual basis for the issuance of a disciplinary

16

report. Next, the plaintiff received a constitutionally adequate administrative hearing on the disciplinary report, and sanctions were imposed in accordance with due process. Finally, the plaintiff has not presented evidence that suggests that but for a retaliatory motive, the defendant would not have issued the disciplinary report. Rather, plaintiff's allegations are conclusory and insufficient to withstand summary judgment.

**Racketeering**

Plaintiff also alleges that defendant Galloway violated the Racketeer Influenced and Corrupt Organizations Act (RICO) by the "illegal extortion of prisoner funds by abusing the d.r. process with unlawful proceedings." (Doc. 1, pp. 12-13.)

To state a RICO claim under 18 U.S.C. § 1962(c), plaintiff must plead "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985). Racketeering claims alleging fraud must satisfy the heightened pleading standard of Fed. R. Civ. P. 9(b). *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1362 (10th Cir. 1989).

Racketeering activity commonly is described as a "predicate act" consisting of the state and federal crimes identified in 18 U.S.C. § 1961(1). The court liberally construes the plaintiff's allegation as an attack on the imposition of a disciplinary fine but concludes the plaintiff's bare claim, even so construed, is not alleged with sufficient particularity to support a claim under RICO

or any predicate act identified in the statute.

Plaintiff does not assert specific facts to allege any fraudulent activity, nor does he dispute that defendant Galloway, as a hearing officer, had the authority to impose a fine as a disciplinary sanction upon a finding of guilt.

Next, a "pattern of racketeering activity must include commission of at least two predicate acts." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 838 (10th Cir. 2005). Plaintiff makes no specific allegations of continuing acts.

Finally, to plead the existence of an "enterprise" under RICO, plaintiff must prove "(1) [an] ongoing organization with a decision-making framework or mechanism for controlling the group, (2) that the various associates function as a continuing unit, and (3) that the enterprise exists separate and apart from the pattern of racketeering activity." *Ferluga v. Eickhoff*, 408 F.Supp.2d 1153, 1161-62 (D. Kan. 2006)(citing *U.S. v. Smith*, 413 F.3d 1253, 1266-67 (10th Cir. 2005)). Plaintiff has not asserted the existence of such an entity.

The court therefore concludes plaintiff fails to assert a claim under RICO and thus, defendant Galloway is entitled to summary judgment on this claim.

Finally, the court notes there is unpublished authority in this circuit that a plaintiff may not assert a retaliation claim alleging a false disciplinary action where the prisoner has been convicted of the disciplinary report and there is evidence to support that decision. *Allmon v. Wiley*, 2011 WL 4501941, *8 (D. Colo.)(citing

*O'Bryant v. Finch*, 637 F.3d 1207, 1215 (11th Cir. 2011)). Under this view, plaintiff's claim arising from his conduct against defendant Galloway that resulted in Disciplinary Report 08-10-103 must fail.

### Conclusion

For the reasons set forth, the court concludes the defendants are entitled to summary judgment.

IT IS, THEREFORE, BY THE COURT ORDERED the motion of defendants Galloway and Haydon for summary judgement (Doc. 33) is granted.

IT IS FURTHER ORDERED plaintiff's motion for discovery (Doc. 35 is denied.

IT IS FURTHER ORDERED plaintiff's motion to authenticate documents (Doc. 37) is denied as moot.

IT IS FURTHER ORDERED plaintiff's motion for recusal (Doc. 43) is denied.

IT IS FURTHER ORDERED plaintiff's motion to file a supplemental complaint (Doc. 44) is denied without prejudice.

Copies of this Memorandum and Order shall be transmitted to the parties.

**IT IS SO ORDERED.**

DATED:  This 9th day of February, 2012, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge